STATE, JOHN L. MURPHY, PROSECUTOR, v. THE INHABITANTS OF THE CITY OF TRENTON.

The law passed April 2d, 1869, not permitting a mortgagor to deduct the amount due on his mortgage from his taxable property in certain counties and cities, was abrogated and rendered inoperative by the constitutional amendment which ordains that property shall be assessed for taxes under general laws and by uniform rules according to the true value.

On *certiorari.* In matter of taxation.

Argued at November Term, 1884, before Justices DEPUE, SCUDDER and PARKER.

For the prosecutor, *S. M. Dickinson.*

For the defendants, *Andrew James Smith.*

The opinion of the court was delivered by

PARKER, J.    Certain real estate of the prosecutor, situated in the city of Trenton, was assessed for taxes in the year 1884, on the whole taxable value thereof.    Claim of deduction was made by the prosecutor by reason of a mortgage against said said real estate held by the trustees for the support of public schools of New Jersey.    The claim for deduction was not allowed.

The mortgage for which deduction was claimed was in the usual form, conditioned for the payment of principal and interest, and without any tax clause.    It was given to the trustees by the prosecutor in the year 1878, and at the time of the assessment was a valid, subsisting lien on the premises.

The law of March 14th, 1879, (*Pamph. L., p.* 228,) provides that all debts due to the State of New Jersey, and secured by mortgages, to the school fund and sinking fund, shall be deducted from the taxable property of the debtor claiming such deduction.    This language is plain and imperative.

But the defendants contend that this law does not apply to the city of Trenton because of the proviso it contains.    The proviso is as follows :  " Provided that this act shall not apply to any county or counties in this state where, by virtue of any public or private acts, the mortgagor or mortgagors are not permitted to deduct from their taxable property the amount due on such mortgage or mortgages."

When the assessment in this case was made there was no public or private act in force not permitting a mortgagor, in any part of the state, to deduct the amount due on his mortgage from his taxable property.    Such a law, applicable to a

few counties and cities, was passed in 1869, and in 1872 its provisions were extended to the city of Trenton; but in 1875 that law was abrogated and rendered inoperative by the constitutional amendment which ordains that property should be assessed for taxes under general laws and by uniform rules, according to the true value. Since that amendment went into operation, deduction from taxable value on account of mortgage debt cannot be permitted in some counties and cities and forbidden in others. The law in reference to taxation must be uniform throughout the state. That such was the legislative understanding, after the constitutional amendment took effect, is manifested by the general law of April 17th, 1876, (*Rev., p.* 1163,) which permits the owners of land assessed for taxes to claim deduction for a debt secured by mortgage. This act is of general application and has been held valid in the case of *State, Vail's Ex'r, pros.,* v. *Runyon,* 12 *Vroom* 98.

The act of April 17th, 1876, (*Rev., p.* 1174,) to which allusion was made in the argument, is a supplement to the "Act concerning mortgages." This supplement does not apply to this cause because no agreement between the prosecutor and the trustees of the public schools was made that the prosecutor would not apply for deduction. But even where such agreement has been made, claim for deduction is not forbidden, but if, under such circumstances, the claim be made, the act declares that the mortgage shall be due, &c.

The conclusion is that the proviso in the act of March 14th, 1879, is inoperative, and that the body of that act, which enacts in plain terms that all debts due to the State of New Jersey and secured by mortgages to the school fund and sinking fund shall be deducted from the taxable property of the debtor claiming such deduction, governs this case.

The decision in *State, Montgomery, pros.,* v. *Trenton,* 11 *Vroom* 89. to which reference has been made, does not apply. That case arose and was decided before the act of March 14th, 1879, was passed. There the deduction was disallowed because the state (being mortgagee) was not considered as embraced in the clause, " creditor residing in the state," and also because, if

the deduction had been made, the tax on the mortgage could not be assessed to the mortgagee. But in that case the justice who delivered the opinion of the court said: "It is conceded that the special and local laws applicable to the subject, existing prior to 1875, are repealed by paragraph 12, section 7, article III., of the constitutional amendments made that year." From the reasoning of the court in the Montgomery case, there is no doubt that the deduction would have been allowed as claimed by the prosecutor if the act of 1879 had then been in existence.

A deduction for amount of mortgage debt of prosecutor to school fund must be made in the case under consideration.